triggered for facial challenges and, in a limited sense at least (as explained above), the present challenge may be termed as-applied. Thus, I would not dismiss such claims as waived. At the same time, I would not overlook the requirements of our appellate rules.

For the reasons given above, I would hold that Plaintiffs' injuries are covered by the Workers' Compensation Act, but that compensation is unavailable. Additionally, I would retain jurisdiction and direct that Plaintiffs give immediate written notice to the Attorney General concerning the constitutional issues raised by such a holding, in conformance with appellate rule 521(a). Accordingly, I respectfully dissent from the majority's decision to reverse the Superior Court's order and remand to the common pleas court for further proceedings.

81 A.3d 879

**Julia Y. DYCKMAN, Appellant**

v.

**Dennis V. DYCKMAN, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 2013.

Decided Nov. 26, 2013.

Karl Robert Hildabrand, Esq., Jessica Sydney Hosenpud, Esq., Harrisburg, for Julia Y. Dyckman.

Darren John Holst, Esq., Howett, Kissinger & Holst, P.C., Harrisburg, for Dennis V. Dyckman.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, MCCAFFERY, STEVENS, JJ.

## *ORDER*

PER CURIAM.

The appeal is dismissed as having been **IMPROVIDENTLY GRANTED.**